UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CINDY ROUGEAU, individually and on behalf of all others similarly situated, : : | |
| Plaintiff, : : | Case No: 3:23-cv-00635-RNC |
| v. : : | July 19, 2023 |
| AETNA INC., : | |
| Defendant. | |

**DEFENDANT AETNA INC.'S CONSENT MOTION TO CONSOLIDATE CASES PURSUANT TO RULE 42 AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Defendant Aetna Inc. ("Defendant" or "Aetna") respectfully moves, with consent,[1] for consolidation of the Related Cases (defined below) for both pre-trial and trial purposes pursuant to Federal Rule of Civil Procedure 42(a). For the reasons set forth below, Defendant's Consent Motion to Consolidate Cases should be granted.

**I.    INTRODUCTION**

Plaintiff Cindy Rougeau, on behalf of herself and all others similarly situated, filed her complaint on May 16, 2023, in the United States District Court for the District of Connecticut. There are currently six other class action lawsuits against Aetna pending in this District arising from precisely the same cybersecurity incident, arising out of the same alleged operative facts, and asserting substantially identical (if not identical) claims on behalf of overlapping putative

---

[1] Counsel for Aetna conferred with counsel for Plaintiffs in each of the Related Actions regarding consolidation. Counsel for each plaintiff consented to this Motion.

classes, thus making consolidation appropriate (the "Related Actions" or "Related Cases").[2] Aetna has conferred with counsel for Plaintiffs in each of the Related Actions and Plaintiffs consent to consolidation.

## II.     COMPLAINT ALLEGATIONS AND PROCEDURAL BACKGROUND

Aetna "provides medical, pharmacy, dental, behavioral health, group life, disability, and health care management services to patients in the United States"—including Plaintiff Rougeau.  Class Action Complaint ("Rougeau Compl."), ¶¶ 18, 96.

According to the allegations in the Complaint, Plaintiff Rougeau "seeks to hold Aetna responsible for the injuries Aetna inflicted on Plaintiff and approximately 3,000,000 similarly situated persons . . . due to Aetna's impermissibly inadequate data security, which caused the personal information of Plaintiff and those similarly situated to be exfiltrated by unauthorized access by cybercriminals (the "Data Breach" or "Breach") between January 28, 2023 and January 30, 2023."  *Id.* ¶ 1.

Numerous lawsuits were filed across the country in the weeks and months after the Data Breach.  Each of the Related Actions here focuses on the same alleged factual predicate— the January 2023 Data Breach—and asserts substantially identical (if not identical) claims against Aetna on behalf of overlapping putative classes, as set forth below:

1. On May 16, 2023, Plaintiff Cindy Rougeau filed her class action lawsuit against Aetna in the United States District Court for the District of Connecticut (*Rougeau v. Aetna Inc.*, No. 3:23-cv-00635).  Plaintiff Rougeau asserts claims for: (i) negligence; (ii) negligence *per se*; (iii) unjust enrichment; and (iv) breach of implied contract.

---

[2] Aetna does not concede the veracity of the allegations in any of the complaints filed in the Related Actions.  Aetna does not waive any defenses that may be available to it.  For the avoidance of doubt, this includes any arguments or defenses as to the impropriety of class certification.

2. On June 7, 2023, Plaintiff Donna Vogel filed her class action lawsuit against Aetna in the United States District Court for the District of Connecticut (*Vogel v. Aetna Inc.*, No. 3:23-cv-00740). Plaintiff Vogel asserts claims for: (i) negligence; (ii) negligence *per se*; (iii) breach of contract; (iv) unjust enrichment; (v) violation of the Connecticut Insurance Information and Privacy Protection Act; and (vi) violation of the Connecticut Unfair Trade Practices Act.

3. On June 15, 2023, Plaintiffs Beverly Banks, Angela Brodrick, Tracey Bussell, Randall Carter, James Craig, John Davis, Denise Emery, Brenda Gilpatrick, William Henry, Kimberly Hoffman, Roger Jackson, Pamela Lazaroff, Stephen Lazaroff, Nancy Paterson, Robert Platt, Michelle Ronne, Kevin Stone, Roderick Veazey, Nicholas Venezia, Valarie Venezia, Cynthia Whites, and Richard Xaver (collectively, "the Banks Plaintiffs") filed their class action lawsuit against Aetna in the United States District Court for the District of Connecticut (*Banks, et al., v. Aetna Inc.*, No. 3:23-cv-00779). The Banks Plaintiffs assert claims for: (i) negligence; (ii) negligence *per se*; (iii) breach of implied contract; (iv) unjust enrichment; (v) breach of confidence; (vi) invasion of privacy–intrusion upon seclusion; (vii) declaratory and injunctive relief; and (vii) various state law consumer protection statutory claims.

4. On June 30, 2023, Plaintiffs S.W., A.T., and T.E. (collectively, "the S.W. Plaintiffs") refiled their class action lawsuit against Aetna in the United States District Court for the District of Connecticut (*S.W., et al., v. Aetna Int'l, LLC, et al.*, No. 3:23-cv-00873).[3] The S.W. Plaintiffs assert claims for (i) breach of fiduciary duty of confidentiality; (ii) breach of implied contract; (iii) violation of the Missouri Merchandising Practices Act; (iv) negligence; (v) negligent training and supervision; (vi) negligence *per se*; and (vii) invasion of privacy.

5. On July 6, 2023, Plaintiff Robert Lizotte's claims against Aetna were transferred to the United States District Court for the District of Connecticut (*Lizotte v. NationsBenefits, LLC, et al.*, No. 3:23-cv-00906), following a consent motion to sever and transfer filed in the United States District Court for the Southern District of Florida.[4] Plaintiff Lizotte asserts claims for: (i) negligence; (ii) negligence *per se*; (iii) unjust enrichment; (iv) declaratory judgment; and (v) violation of the Florida Deceptive and Unfair Trade Practices Act.

---

[3] The S.W. Plaintiffs had previously filed three separate actions against Aetna in different federal districts: *A.T. v. Aetna Int'l LLC, et al.*, No. 6:23-cv-00112 (D. Kan.); *S.W. v. Aetna Int'l LLC, et al.*, No. 4:23-cv-00351 (W.D. Mo.); *T.E. v. Aetna Int'l LLC, et al.*, No. 3:23-cv-00303 (W.D.N.C.). The claims against Aetna in those three cases were voluntarily dismissed and subsequently refiled in this District as a single matter.

[4] *See Lizotte v. NationsBenefits, LLC, et al.*, No. 0:23-cv-61209-RAR (S.D. Fla. July 7, 2023), ECF No. 11.

6. On July 6, 2023, Plaintiff Eileen Clancy's claims against Aetna were transferred to the United States District Court for the District of Connecticut (*Guerrero v. NationsBenefits, LLC, et al.*, No. 3:23-cv-00910), following a consent motion to sever and transfer filed in the United States District Court for the Southern District of Florida.[5] Plaintiff Clancy asserts claims for: (i) breach of fiduciary duty; (ii) negligence; (iii) breach of implied contract; (iv) unjust enrichment; and (v) invasion of privacy.

7. On July 6, 2023, Plaintiff Edward Wilczynski's claims against Aetna were transferred to the United States District Court for the District of Connecticut (*Wilczynski v. NationsBenefits, LLC, et al.*, No. 3:23-cv-00912), following a consent motion to sever and transfer filed in the United States District Court for the Southern District of Florida.[6] Plaintiff Wilczynski asserts claims for: (i) negligence; (ii) negligence *per se*; (iii) unjust enrichment; (iv) declaratory judgment; and (v) violation of the New Jersey Consumer Fraud Act.

## III. THE RELATED ACTIONS SHOULD BE CONSOLIDATED.

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Trial courts have broad discretion to determine whether consolidation of multiple actions is appropriate to avoid unnecessary costs or delay. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Judicial economy, general efficiency, and consistent adjudication generally favor consolidation, but a court must balance these considerations against the risks of prejudice and jury confusion. *Id.* at 1285. "Consolidation of tort actions sharing common questions of law and fact is commonplace." *Id.* at 1284.

Here, consolidation under Rule 42 is plainly appropriate because the allegations in each of the Related Actions before this Court are nearly identical. Each lawsuit arises from the same

---

[5] *See Guerrero v. NationsBenefits, LLC, et al.*, No. 0:23-cv-60951-RAR (S.D. Fla. July 6, 2023), ECF No. 16. On June 28, 2023, *Clancy v. NationsBenefits, LLC, et al.*, was consolidated into *Guerrero*, which had not named Aetna as a defendant. Accordingly, while Plaintiff Guerrero's claims were not transferred to this Court, Plaintiff Clancy's claims against Aetna were transferred to this Court under the *Guerrero* case style.

[6] *See Wilczynski v. NationsBenefits, LLC, et al.*, No. 0:23-cv-60950-RAR (S.D. Fla. July 7, 2023), ECF No. 18.

common set of alleged operative facts: the Data Breach.  Due to each Plaintiff's reliance on the same set of alleged operative facts, the complaints assert similar theories against the same defendant.  And while there is some variation in the Plaintiffs' state law causes of action, each claim stems from a common alleged factual nucleus.  *See Ashcroft v. New York State Dep't of Corr. Servs.*, No. 07-cv-721, 2009 WL 1161480, at *2 (W.D.N.Y. Apr. 29, 2009) (finding that consolidation of "a myriad of ancillary claims" would not cause confusion or prejudice because all claims arose from an "underlying, central issue").  Each Plaintiff's consent to this motion likewise confirms the parties' recognition that consolidation is the most efficient way forward.  The Related Actions, the parties thereto, and the Court will be best served in a consolidated proceeding.

Accordingly, consolidation is warranted under Federal Rule of Civil Procedure 42(a). *See Clinger v. Edgewell Pers. Care Brands, LLC*, No. 3:21-CV-01040 (JAM), 2022 WL 1396139, at *3 (D. Conn. Mar. 29, 2022); *see also Stewart v. Prac. Res., LLC*, No. 522CV0905LEKDJS, 2022 WL 17155996, at *2 (N.D.N.Y. Nov. 22, 2022) (granting motion to consolidate data breach cases, notwithstanding "some variations . . . in the parameters of both Complaints, such as the precise causes of action or contours of the class"); *Marcaurel v. USA Waste-Mgmt. Res., LLC*, No. 21-CV-6199 (VSB), 2021 WL 4940977, at *2 (S.D.N.Y. Sept. 3, 2021) (granting consolidation as "plainly warranted" for data breach class action complaints, "as the Related Actions each arise from the same event—the alleged data breach of WM's computer systems—and all assert similar theories of named Plaintiffs' and putative class members' entitlement to relief").

IV. **CONCLUSION**

For the reasons set forth above, consolidation is appropriate. Accordingly, Aetna respectfully requests that this Court grant the Consent Motion and consolidate the Related Actions for all purposes, pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 40. In light of any consolidation order, Aetna requests a stay of all response deadlines and the setting of a status conference with the Court.

Plaintiffs also request that this Court issue an order directing leadership applications to be filed, pursuant to Rule 23(g)(3), within 14 days of an order consolidating the above-captioned cases.

Respectfully submitted this 19th day of July, 2023.

                        ROBINSON & COLE, LLP

                        */s/ Theodore J. Tucci*
                        Theodore J. Tucci
                        Wystan M. Ackerman
                        Jenna M. Scoville
                        280 Trumbull Street
                        Hartford, CT  06103
                        Tel. No.:  (860) 275-8200
                        Fax No.:  (860) 709-8299
                        E-mail:  ttucci@rc.com
                        E-mail:  wackerman@rc.com
                        E-mail:  jscoville@rc.com

                        Kristine McAlister Brown*
                        Donald M. Houser*
                        ALSTON & BIRD LLP
                        One Atlantic Center
                        1201 West Peachtree Street
                        Atlanta, GA 30309
                        Phone: (404) 881-7000
                        Fax: (404) 881-7777
                        donald.houser@alston.com
                        kristy.brown@alston.com
                        *\* Admitted pro hac vice*

Daniella P. Main*
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Phone: (214) 922-3433
Fax: (214) 922-3899
daniella.main@alston.com
* *Admitted pro hac vice*

*Counsel for Aetna Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

This 19th day of July, 2023.

                                           */s/ Theodore J. Tucci*
                                           Theodore J. Tucci (ct05249)

                                           *Counsel for Aetna Inc.*